**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **JOHN DONALD KELSO,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| vs. | )   Case No.  CIV-08-731-D |
| | ) |
| **CARLOS LUNA, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## **REPORT AND RECOMMENDATION**

Petitioner, a California state hospital resident appearing *pro se*, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus.  United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B) and (C).  For the reasons set forth herein, it is recommended that the petition be dismissed upon filing.

By this action Petitioner names as respondents Carlos Luna, the Executive Director of the Patton State Hospital in California, Edmund Brown, the Attorney General of the State of California, and Jerry Brown.  Petition, p. 2.[1]  Petitioner alleges that he pleaded "not guilty to no crime" and is not guilty "to insanity." Id.  In Ground One, Petitioner alleges he is being held in violation of his Eighth Amendment right to be free from cruel and unusual punishment.  Petition, p. 6.  He alleges that he is civilly confined as a mental patient in the Patton State Hospital in Patton, California. Id. at 2, 6, and yet the facility where he resides

---

[1] The page numbers referenced are the pre-printed page numbers in the upper right hand corner of the petition.  Page 2 is actually the first page of the petition.

is a "felony sentence prison hospital." Petition, p. 6. Petitioner asks that his sentence be discharged with good time and that he be placed in a civil hospital. Id. at 15. In Grounds Two and Three, Petitioner alleges he is being held in violation of his Eighth, Fourth and Fourteenth Amendment rights. Petition, p. 7, 9. He alleges that he is not insane, that the doctors at the facility are refugees from a Cuban mental hospital with mail order degrees, and are illegal immigrants without work permits. Petition, p. 7. Petitioner states that they owe him over 900 days of good time and work credits. Id. at 9. He seeks a transfer to a civil hospital with a "protective custody writ." Petition, p. 15; Att. Letter of June 24, 2008.

## I. INITIAL SCREENING STANDARD

District courts must review habeas petitions promptly and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ." Rule 4, Rules Governing Section 2254 Cases. Likewise, courts are obliged to examine their jurisdiction sua sponte and dismiss any action where it is lacking. See Fed. R. Civ. P. 12(h)(3); see also Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction . . . may be raised by . . . a court on its own initiative, at any stage in the litigation . . . .") (internal citation omitted); Hardiman v. Reynolds, 971 F.2d 500, 502 (10th Cir. 1992) (noting that "a court must raise a defense sua sponte if that defense implicates the court's subject matter jurisdiction."). The initial review of the petition shows that the Court lacks jurisdiction over Petitioner's custodian and that the petition should therefore be dismissed upon filing.

The Court can only issue a writ of habeas corpus "within [its] respective

jurisdiction[]." 28 U.S.C. § 2241(a). Moreover, to grant habeas relief, the Court must have jurisdiction over the Petitioner's custodian. See Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). Both now and at the time the petition was filed, it appears that Petitioner has been confined in the State of California, his petition appears to be based upon events that occurred during his confinement at the Patton State Hospital in California, and presumably his custodians, Carlos Luna, the Executive Director of the Patton State Hospital in California, Edmund Brown, the Attorney General of the State of California, and Jerry Brown, are located within the State of California as well. Thus, this Court lacks personal jurisdiction over them. See Padilla 542 U.S. at 452 (Kennedy, J. and O'Connor, J., concurring) ("[T]he immediate-custodian and territorial-jurisdiction rules are like personal jurisdiction or venue rules . . . ."). See also United States v. Foster, No. 99-2312, 2001 WL 101763 at *1 (10th Cir. Feb. 7, 2001) (describing issue as one of personal jurisdiction).[2] Therefore the petition should be summarily dismissed for lack of jurisdiction over Petitioner's custodian.

The Court could, sua sponte, cure this jurisdictional defect by transferring the suit under 28 U.S.C. § 1631, if such is appropriate in the interests of justice. See Trujillo v. Williams, 465 F.3d 1210, 1222 (10th Cir. 2006). The Tenth Circuit Court of Appeals has enumerated several factors a court should consider when deciding whether to transfer in lieu of dismissing a case:

[F]actors warranting transfer rather than dismissal, at least under § 1631,

---

[2] This and any other unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

>    include finding that the new action would be time barred; that the claims are
>    likely to have merit; and that the original action was filed in good faith rather
>    than filed after plaintiff either realized or should have realized that the forum
>    in which he or she filed was improper[.]

Id. at 1223 n.16 (internal quotations and citations omitted).

Here, the merits of this habeas action are in question because Petitioner alleges that he is confined pursuant to a civil commitment order. Furthermore, Petitioner's suit would require transfer to a district court within the Ninth Circuit where the law concerning recharacterization and the burden to plead and prove exhaustion may differ from the Tenth Circuit Court of Appeals' holdings on these issues. Additionally, Petitioner has not specified when the events made the basis of his suit took place, making it difficult to determine whether the timeliness of Petitioner's suit may be jeopardized by dismissing it rather than transferring it. Lastly, it is difficult to find Petitioner filed suit in this Court with a good faith belief it was proper to do so given that all of the relevant events occurred in California and due to another action Petitioner filed in this Court. Kelso v. Miller, CIV-08-366-F. Because these factors counsel against transfer in the interest of justice, it is recommended that the action be dismissed upon filing for lack of personal jurisdiction over the California Respondents.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that this action be dismissed upon filing. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by September 10, 2008, in accordance with 28 U.S.C. § 636 and Local

Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal questions contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED this 21st day of August, 2008.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE