IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOHN DONALD KELSO, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | NO. CIV-08-731-D |
| | ) | |
| CARLOS LUNA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

O R D E R

Petitioner, who appears *pro se*, is an inmate civilly confined as a mental patient at Patton

State Hospital in Patton, California.  He  brings this action for habeas corpus relief in accordance

with 28 U. S. C. § 2254.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the matter was referred to United

States Magistrate Judge Doyle W. Argo  for initial proceedings.  As required by Rule 4 of the Rules

Governing Section 2254 Cases, the Magistrate Judge promptly reviewed the petition and, in an

August 21, 2008 Report and Recommendation [Doc. No. 9], he recommended that the action be

dismissed upon filing because this Court lacks jurisdiction over the Respondents.  Petitioner timely

objected to the Report and Recommendation.  Therefore, the matter is reviewed *de novo.*

As the Magistrate Judge correctly concluded, where a complaint reflects that subject matter

jurisdiction is lacking, the Court may *sua sponte* determine the issue of jurisdiction.  *Arbaugh v.

Y & H Corp.*, 546 U.S. 500, 506 (2006).   To grant habeas relief, the Court must have jurisdiction

over the Petitioner's custodian.  *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  In this case, the

allegations asserted by Petitioner reflect that, both now and at the time his petition was filed, he was

confined in the State of California.  Respondent Carlos Luna is Executive Director of the Patton

State Hospital where Petitioner is confined; the additional respondents are Edmund Brown, the

Attorney General of the State of California, and Jerry Brown, a California resident.    Petitioner

asserts no allegations suggesting that the Respondents have any connection to the State of

Oklahoma.  He alleges no facts which could support this Court's exercise of jurisdiction over the

Respondents. In habeas cases, the "immediate-custodian and territorial-jurisdiction rules are like

personal jurisdiction or venue rules." *Padilla*, 542 U.S. at 452 (Kennedy, J. and O'Connor, J.,

concurring).  Accordingly, the Magistrate Judge correctly concluded that this Court lacks personal

jurisdiction over the Respondents, and dismissal upon filing is warranted.

As the Magistrate Judge pointed out in the Report and Recommendation, the Court could

transfer the action under 28 U. S. C. § 1631, if doing so is in the interests of justice.  *Trujillo v.

Williams*, 465 F. 3d 1210, 1222 (10th Cir. 2006).  In deciding whether transfer is proper, the Court

must consider the factors listed in *Trujillo*.  Thus, the Court must consider whether  a new action

would be barred by the statute of limitations, whether the claims are likely to have merit, and

whether the original action was filed in good faith or after the Petitioner should have realized it was

filed in the wrong forum.  *Id.* at 1223 n. 16. Applying each of these factors to the instant case[1], the

Magistrate Judge concluded that transfer is not in the interest of justice.

The Court agrees.  Petitioner's allegations establish no basis which would allow the Court,

in this  habeas action, to  exercise jurisdiction over Petitioner's custodians in California.    Thus,

even if the allegations could be construed as  asserting a habeas claim, that claim is not properly

adjudicated in this Court.

In his objections to the Report and Recommendation, Petitioner offers no persuasive

---

[1]*As Judge Argo noted, the merits of a habeas claim are questionable because Petitioner is confined pursuant to a civil commitment order. Furthermore,  Petitioner should have known this Court could not exercise jurisdiction over the Respondents because a previous action filed here was dismissed upon adoption of a Report and Recommendation which recommended dismissal for several reasons, including the lack of personal jurisdiction over some of the same individuals named as respondents in the instant action.. See Kelso v. Miller, CIV-08-366-F [Doc. No. 23], adopting Report and Recommendation [Doc. No. 8].*

argument that the action is properly filed in this Court.  Although he argues that the Court can exercise "long arm" jurisdiction over the Respondents, he fails to assert any factual basis that could warrant such exercise in this case.

Having fully reviewed the Petitioner's allegations, the Report and Recommendation, and Petitioner's objections, the Court concludes that the Magistrate Judge correctly determined that this action should be dismissed upon filing.  Accordingly, the Report and Recommendation [Doc. No. 9] is ADOPTED as though fully set forth herein.  This action is DISMISSED without prejudice to the filing of a new action in a proper forum.

IT IS SO ORDERED this  29th  day of September, 2008.


_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE